

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

GROVER SELLERS
~~WRITE XXIXXXXX~~
ATTORNEY GENERAL

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. 0-6226
Re: Construction of Subsection (a)
Section 15, Article 3912-e, Ver-
non's Annotated Civil Statutes

Your letter of February 8, 1945, requesting the opinion of this department on the question stated therein, is, in part, as follows:

"When this Department makes distributions of appropriations to counties entitled to pay under Article 3912-e, Section 15, Subsection (a), R.C.S., are we required to make our calculations of the distributions on the amount actually paid by the county to the Criminal District Attorney and his assistants or are we required to make our calculations on the maximum amount that the law authorizes?

"For example, in Bexar County the maximum amount that could be paid the Criminal District Attorney and his Assistants by statute is $52,150.00 per annum, whereas the actual expenditures by Bexar County to the District Attorney and his assistants is $45,500.00 for this year.

"I am enclosing copy of a letter from the County Auditor of Bexar County that will clarify this point."

Subsection A, Section 15, Article 3912-e, Vernon's Annotated Civil Statutes, is as follows:

"The compensation of a Criminal District Attorney or County Attorney who performs the duty of District Attorneys, together with the compensation of his assistants, shall be paid out of the County Officers' salary fund, but the State shall pay into such fund each year an amount equal to a sum which bears the same

proportion to the total salary of such Criminal District Attorney, or County Attorney performing the duties of a District Attorney, together with the salary of his assistants, as all felony fees collected by such official during the year of 1935 bear to the total fees collected by such official during such year."

You state that the maximum amount that could be paid the Criminal District Attorney and his assistants by statute is $52,150.00 per annum, but the actual expenditures by Bexar County to the Criminal District Attorney and his assistants if $45,500.00 for this year.

The County Auditor in his letter of February 6, 1945, addressed to you, states in effect that it is likely that the compensation of the Criminal District Attorney and his Assistants will be increased $6,650.00, making a total of $52,150.00 per annum as salary for the criminal District Attorney and his Assistants, and that you should take this into consideration in your allocation of the appropriation as provided in subsection (a), Section 15, Article 3912-e, Vernon's Annotated Civil Statutes.

The Statute expressly provides, "The State shall pay into such fund each year an amount equal to a sum which bears the same proportion to the total salary of such Criminal District Attorney, . . . together with the salary of his assistants, as all felony fees collected by such official during the year of 1935 bear to the total fees collected by such official during such year."

In view of the foregoing, it is our opinion that in making your allocation of the appropriation as provided by said statute, you should make your calculations of the distributions on the amount actually paid by the county to the Criminal District Attorney and his assistants and not on the maximum amount that the law authorizes.

If the Legislature had intended that the calculations of the distributions were to be made on the maximum amount authorized by statute instead of the actual amount paid the Criminal District Attorney and his assistants by the county, it could have easily done so in plain language. We believe that it is clear that the Legislature contemplated that the calculations of the distributions should be made on the amount actually paid by the county to the Criminal District Attorney and his assistants in making the distribution of the appropriation.

Yours very truly,

ATTORNEY GENERAL OF TEXAS


By s/Ardell Williams
        Ardell Williams
        Assistant

AW:ddt:ls:wc

APPROVED FEB 20, 1945
s/Carlos C. Ashley
FIRST ASSISTANT
ATTORNEY GENERAL

Approved Opinion Committee by s/BWB Chairman